# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**SHELLY MAEMARIE SMITH,**

    **Plaintiff,**

**v.**                                                   **Civil Action No. 2:16-cv-04843**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending before this Court is Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 12), Brief in Support of Defendant's Decision (ECF No. 15) and Plaintiff's Reply to Brief in Support of Defendant's Decision (ECF No. 16). This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for supplemental security income (SSI) under Title XVI of the Social Security Act.

### Background

Claimant, Shelly Mae Marie Smith, filed an application for SSI on November 7, 2012. Claimant alleged disability beginning January 1, 2005. The claim was denied initially on January 16, 2013, and upon reconsideration on May 15, 2013. Claimant filed a request for hearing on June 13, 2013. A video hearing was held on September 17, 2014. Claimant appeared in Parkersburg, West Virginia, and the Administrative Law Judge presided over the hearing from Charleston, West Virginia. The Administrative Law Judge (ALJ) denied Claimant's applications on November 7,

1

2014. The Appeals Council denied Claimant's request for review on January 31, 2016 (Tr. at 6 - 9). Subsequently, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520 and 416.920 (2016). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* §§ 404.1520(a) and 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* §§ 404.1520(b) and 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* §§ 404.1520(c) and 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* §§ 404.1520(d) and 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e) and 416.920(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and

claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f) and 416.920(f) (2016). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since November 7, 2012, the application date (Tr. at 20). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of degenerative joint disease of the bilateral knees, status post total knee replacement of the bilateral knees, obesity, irritable bowel syndrome, cardiomegaly and major depressive disorder. (*Id.*) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 22). The ALJ then found that Claimant has a residual functional capacity for sedentary work[1] (Tr. at 24). The ALJ held that Claimant has no past relevant work, therefor, transferability of job skills is not an issue (Tr. at 28). The ALJ held that Claimant can perform the jobs of an addressor, assembler, or electronics worker (Tr. at 29).

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere

---

[1] The ALJ held that Claimant is able to lift and carry 10 pounds occasionally, able to stand and walk for 2 hours in an 8-hour day, and able to sit for 6 hours in an 8-hour work day except this individual can never climb ropes or ladders. She can perform all other postural movements occasionally. She must avoid all exposure to unprotected heights. She can perform only uninvolved 3 to 4 step tasks. She may have only brief or incidental contact with the general public, but no work in close coordination with others in a team type approach, such as tandem work (Tr. at 24).

3

> scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

## Claimant's Background

Claimant was born on August 27, 1969, and was 43 years old on the date the application was filed. Claimant graduated from high school. Claimant lives with her daughter and her 4 year old grandson (Tr. at 43). On the date of the hearing, Claimant was 4'11" tall and weighed approximately 265 pounds (Tr. at 48).

## The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

## Claimant's Challenges to the Commissioner's Decision

Claimant argues that the ALJ failed to develop the record as to Claimant's impairments. Claimant avers that the ALJ's residual functional capacity (RFC) assessment and ultimate decision to deny Claimant's benefits were not supported by substantial evidence (ECF No. 12). Claimant asserts that the ALJ's step three analysis was incorrect and insufficient with regard to the

4

evaluation of Claimant's degenerative joint disease of the bilateral knees status post total knee replacement. In response, Defendant asserts that Claimant failed to demonstrate that she could not ambulate effectively (ECF No. 15). Defendant avers that the ALJ was not required to obtain medical expert testimony and that Claimant has failed to prove that she satisfies the listing criteria for an impairment.

Weight Afforded Medical Opinions

In the decision, the ALJ allotted various weight to medical opinions in the record. The ALJ provided the following:

> The undersigned notes the record contains medical evidence of record concerning the period prior to the protectively filed application date of November 7, 2012 (Exhibits 1F-10F, and 13F-15F). While this evidence will be reviewed, it is given less weight as it concerns a time during which the claimant was not eligible to receive benefits. These records include a psychiatric review technique from Disability Determination Services (DDS) State agency consultant Frank Roman, Ed.,D., dated January 10, 2011 noting that the claimant had no severe mental impairments. This was affirmed by Disability Determination Services (DDS) State agency consultant Philip E. Comer, Ph.D., (Exhibit 6F). These opinions are afforded little weight, as it is not relevant to the appropriate time in litigation and as the medical evidence of record shows that the claimant has a severe mental impairment that has required hospitalization (Exhibit 15F). There is also an opinion by consultative examiner Sushil M. Sethi, M.D., dated May 24, 2011, that reported that the claimant's ability to work at physical activities may be moderately affected (Exhibit 7F). This opinion is afforded little weight as it was provided 18 months prior to the protective filing date and as it is vague and not supported by the record (Exhibit 7F). A prior physical residual functional capacity assessment from Disability Determination Services (DDS) State agency consultant Porfirio Pascasio, M.D., opined in (sic) June 14, 2011, that the claimant was capable of light exertional level work, finding the claimant could never climb ladders, ropes, or scaffolds, but could occasionally perform all other postural activities (Exhibit 8F). The claimant was determined to have some environmental limitations. This opinion is afforded little weight as it was assessed 18 months prior to the protective filing date.

\*\*\*

>The undersigned has considered the opinion evidence in the claim. The State agency medical consultants' physical assessments and mental consultant's psychological assessments are given great weight, as they are consistent with the record as a whole. The Disability Determination Services (DDS) consultants considered the claimant's physical symptoms (Exhibits 3A and 5A). The undersigned affords them great weight. In reaching this conclusion, the undersigned has considered the claimant's own subjective allegations and has found them generally credible in light of her history of bilateral knee replacement, obesity, irritable bowel syndrome, cardiomegaly and major depressive disorder. The undersigned notes that additional medical records have been admitted into the record since the State Agency physicians rendered their opinions (Exhibits 11F-20F). This new evidence provides details concerning the claimant's bilateral knee replacement, degenerative joint disease and osteoarthritis (Exhibits 11F, 16F, and 18F), her obesity (Exhibit 15F), her cardiomegaly (Exhibit 16F), and her major depressive disorder (Exhibit 15F). The undersigned finds that the new evidence accurately reflects the state of the claimant's impairment during the period under adjudication and supports the value of the State Agency opinions.

Discussion

Social Security Ruling 96-6p provides that findings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the ALJ and Appeals Council levels of administrative review. ALJs and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions. In the present matter, the ALJ did not state the names of the consultants even though the ALJ gave their opinion's great weight (Tr. at 27). Furthermore, The ALJ did not give any explanation of these consultants' assessments.

As explained by SSR 96-6p, the regulations provide "progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become

weaker." For example, SSR 96-6p states that opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources.

Thus, SSR 96-6p concludes that the opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as (1) the supportability of the opinion in light of the evidence in the record; (2) consistency with the record, including other medical opinions; (3) and any explanation for the opinion. *Id*.

Social Security Ruling 96-7p confirms that ALJs and the Appeals Council are required to consider findings of fact by state agency medical and psychological consultants and other program physicians and psychologists about the existence and severity of an individual's impairment(s), including the existence and severity of any symptoms. *See* 65 Fed. Reg. 11,866 (Mar. 7, 2000). While ALJs and the Appeals Council are not bound by any state agency findings, they may not ignore these opinions and must explain the weight they give to the opinions in their decisions. *Id*

Further, "[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, non-treating sources, and other non-examining sources who do not work for us." (*Id.*) Examples of the kinds of factors that an administrative law judge must consider when evaluating the findings of State agency medical and psychological consultants are provided in paragraph (c)[2] of §§ 404.1527 and 416.927.

---

[2] Unless a treating source's opinion is given controlling weight, all of the following factors will be considered in deciding the weight given to any medical opinion: (1) Examining relationship; (2) Treatment relationship; (3)

7

The Fourth Circuit has held that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

In the present case, the ALJ did not state what the State agency medical consultants reported in their physical assessments of Claimant. Likewise, the ALJ did not state what was found in the mental consultant's psychological assessment of Claimant. As the ALJ gave their opinions great weight, explanation of their content is necessary. The undersigned respectfully recommends that the District Judge find that the ALJ did not provide an explanation of the State agency medical and mental consultants' opinions to which he gave great weight. As such, the analysis is incomplete and precludes meaningful review.

Conclusion

For the reasons provided above, the undersigned respectfully recommends that the District Judge find that ALJ's lack of explanation for the weight afforded to the State agency medical and mental consultants' opinions renders the analysis incomplete and precludes meaningful review. Accordingly, the undersigned suggests that District Judge finds that the ALJ's decision is not supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 12), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 15), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further

---

Supportability; (4) Consistency; (5) Specialization; and (6) Other factors. 20 C.F.R. 416.927(c) and 404.1527.

proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  August 7, 2017

Dwane L. Tinsley
United States Magistrate Judge